Davis agt. Carpenter.

———————

## SUPREME COURT.

### JOHN DAVIS agt. WM. C. CARPENTER.

The committee of the person and estate of an habitual drunkard may bring actions on promissory notes he received as such committee, *in his own name,* without describing himself as *committee.*

In an action brought on three promissory notes, payable to a former holder or bearer, where the plaintiff alleged in his complaint that he was the owner and holder of the notes, and the defendant, in his answer, denied such allegation, and set up the defence of usury to two of the notes,

*Held,* that the defendant, on the trial, without amending his answer, might prove that the plaintiff had no personal interest in the notes, but held them, and sued on them, as the committee of the person and estate of the payee and former holder, who was an habitual drunkard, so as to authorize the introduction of the declarations of such habitual drunkard, prior to his being declared such, to the effect that the notes were usurious and void.

Also *held,* that such matters were not pleadable, being merely evidence to establish the defence of usury.

*Tompkins Circuit, Feb.,* 1856.

THIS action was tried at the Tompkins circuit, before Mr. Justice BALCOM, on the 9th day of February, 1856.

B. G. FERRIS, *for plaintiff.*
BRUIN & WILLIAMS, *for defendant.*

Davis agt. Carpenter.

BALCOM, Justice. This action is brought to recover the amount of three promissory notes. The plaintiff, in his complaint, alleges he is the owner and holder of the notes, which are payable to Alvah Davis or bearer.

The defendant, in his answer, denies the allegations in the complaint, and sets up the defence of usury to two of the notes. He now offers to prove that the plaintiff has no personal interest in the notes, but holds them as the committee of the person and estate of Alvah Davis, the payee named therein, who is an habitual drunkard. He desires to make this proof to authorize him to give evidence of the declarations of such payee, made prior to being declared such habitual drunkard, to the effect that two of the notes are usurious and void.

The plaintiff's counsel objects to the evidence that the plaintiff holds the notes as such committee, on the ground that no such defence is set up in the answer. The answer to this objection is, that such fact would constitute no defence to the action, and therefore it is not pleadable.

The committee has properly brought the action in his own name. (*Laws* of 1845, *p.* 91, § 2 ; § 113 *of the Code;* 8 *Barb.* 552 ; 14 *id.* 488.)

The objection is overruled, and the evidence is allowed, to enable the defendant to prove the admissions of Alvah Davis, who is the real party in interest on the part of the plaintiff.

After the evidence was given, a verdict was rendered for the defendant on two of the notes, and for the plaintiff on the other.